STATE *v.* ZEBE THIBEDEAU.

January Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 3, 1921.

*Excepting Party Must Show Prejudicial Error—Wilful Neglect of Infant Child—Objection to Exhibition of Child Made After Exhibition too Late—Evidence of Wilful Neglect.*

1. It is not enough that the excepting party allege error in the admission or exclusion of evidence, but the burden is upon him to show that he was prejudiced thereby.

2. In a prosecution for wilfully neglecting to provide for an infant child, where the State's Attorney requested the mother, while testifying, to hold the child up beside the respondent so the jury could observe its features, an objection to the exhibition, not made until after it occurred, came too late, it not appearing but that there was sufficient time to interpose an objection before the exhibition was made.

3. Although the respondent conceded that the child was unable to take care of itself, evidence that it was injured in an accident and was still suffering from the injuries was admissible as

bearing on the question of wilfulness; it being presumed that the respondent knew the child's condition, the contrary not appearing.

4.  Evidence of the earnings of the respondent was admissible; the pecuniary ability of the respondent being material in such cases, as bearing on the question of wilful neglect.

COMPLAINT for neglect to support minor child, under G. L. 3536, brought in Hartford Municipal Court, *A. G. Whitham*, Municipal Judge. Plea, not guilty. Trial by jury. Verdict and judgment of guilty. The respondent excepted. The opinion states the case.

*Hugh Moore* for the respondent.

*Ernest E. Moore*, State's Attorney, for the State.

SLACK, J.   The respondent has been convicted of a violation of G. L. 3536, by wilfully neglecting to provide for the support and maintenance of his child which is under the age of sixteen years.

The respondent denies that he is the father of the child. The child's mother and the respondent were married September 30, 1914, and the child was born April 8, 1915.

[1, 2]   Euzeba Thibedeau, a witness called by the respondent, testified in chief that he heard the respondent say, just previous to the marriage, that he had not been with her (the child's mother) for five months. He was then asked: "Q. State whether or not Ida (the child's mother) said anything to Zebe's statement that he hadn't been with her for five months?" The form of this question was objected to and the answer was excluded, subject to the respondent's exception. We think the form of the question unobjectionable, but we cannot say from what appears that its exclusion constitutes reversible error. The record does not disclose what the examiner desired or expected to show by the answer, and we cannot infer that it would have been favorable to the respondent. Unless it would have been favorable to him, he was not harmed by its exclusion. It is not enough that the excepting party allege error. He assumes the burden of showing that he has been prejudiced thereby. *State v. Williams*, 94 Vt. 423, 111 Atl. 701; *Smith* v. *Martin et al.*, 93 Vt. 111, 128, 106 Atl. 666. This the respondent has not done.

While the child's mother was testifying, the State's Attorney requested her to hold the child up beside the respondent so the jury could observe its features. Counsel for the respondent inquired the purpose of this, but did not object, or say anything more, until after the request had been complied with, when he objected "to the proceeding and to the exhibition as it was made," and an exception was allowed. The record does not show how the exhibition was made, so that part of the exception is without merit. The objection and exception came too late to avail the respondent. It does not appear but that he had sufficient time to interpose an objection before the exhibition was made. Moreover, he has not shown, or attempted to show, that he was harmed by what occurred, and the exception, therefore, falls within the rule above stated.

[3] The mother, while testifying, was asked to tell the jury what had happened to the child, whereupon the respondent conceded that it was unable to take care of itself, and objected to any evidence of its condition. The exceptions show that the objection was overruled and the respondent had an exception, but do not show that the question was answered. This, of course, saves nothing for review. The transcript is referred to and made a part of the bill of exceptions "as to the tendency of the evidence," but is not referred to to show what the exceptions are, nor is it made controlling. It is doubtful if this reference permits an examination of the transcript for the purpose of ascertaining whether the question was answered, and, if so, the character of the evidence given; but, assuming that it does, error is not shown. The answer was in substance that the child was injured in an accident about a year before the trial, and that it was still suffering from those injuries. If the respondent knew the child's condition, and it must be presumed in the circumstances that he did, the contrary not appearing, the evidence clearly had a bearing on the elements of wilfulness. The stronger the appeal for financial aid the stronger the inference that a failure to respond to such appeal was intentional and by design, and therefore wilful.

[4] Subject to the respondent's exception that there "is no controversy about his earnings," the State was permitted to show what wages the respondent received. Where, as here, the

charge is a *wilful* neglect to support, the pecuniary ability of. the respondent is material. The evidence was properly admitted.

*Judgment that there is no error in the proceedings, and that the respondent takes nothing by his exceptions. Let execution be done.*